**Sukhi SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–71431.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2009.*

Filed March 26, 2009.

Howard Dawson, Esquire, Los Angeles, CA, for Petitioner.

Steven O'Rourke, Esquire, Thankful Townsend Vanderstar, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

## MEMORANDUM **

Sukhi Singh, a native and citizen of India, petitions for review of a final decision issued by the Board of Immigration Appeals (BIA), affirming an Immigration Judge's (IJ) denial of asylum, withholding of removal, and Convention Against Torture (CAT) protection. We deny the petition.

Singh testified inconsistently regarding, among other things, whether he was tortured after his second arrest. This is a substantial inconsistency that goes to the heart of his claim of past persecution. *See Singh v. Gonzales,* 439 F.3d 1100, 1108 (9th Cir.2006) ("An inconsistency goes to the heart of a claim if it concerns events central to petitioner's version of why he was persecuted and fled."). Although Singh thus failed to establish past persecution, he may still be eligible for asylum by demonstrating a well-founded fear of future persecution on account of a protected ground. *See Hanna v. Keisler,* 506 F.3d 933, 939 (9th Cir.2007). He may do so with documentary evidence that independently establishes facts essential to that claim. *See Al–Harbi v. INS,* 242 F.3d 882, 891 (9th Cir.2001). That evidence here, however, does not establish that Singh has reason to fear persecution on account of his political or religious activities.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Singh's failure to establish his eligibility for asylum also means he failed to meet the higher burden required for withholding of removal. *See Kumar v. Gonzales,* 439 F.3d 520, 525 (9th Cir.2006). Moreover, because Singh's claim of torture is based on the same statements and evidence the IJ determined not to be credible, his CAT claim was also properly rejected. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**